**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1479-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARVIN WILLIAMS,

     Defendant-Appellant.

_____

Submitted December 16, 2025 – Decided February 26, 2026

Before Judges Rose and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 22-10-2544.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Shep A. Gerszberg, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Marvin Williams pled guilty in April 2023 to one count of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and thereafter was sentenced to a five-year prison term with an eighty-five-percent parole disqualifier pursuant to the Graves Act, N.J.S.A. 2C:43-6(c). In June 2023, defendant filed a timely petition for post-conviction relief (PCR). He now appeals from an October 1, 2024 Law Division order denying his PCR petition without an evidentiary hearing.

In his PCR petition, defendant contended his plea counsel provided ineffective assistance because counsel was unprepared, did not adequately consult defendant before the plea proceeding, and without defendant's consent, improperly stipulated the victim suffered serious bodily injury—an essential element of the offense—for purposes of establishing a factual basis. See N.J.S.A. 2C:12-1(b)(1) (reckless conduct requiring proof the defendant caused "serious bodily injury"). The PCR court rejected defendant's claim without an evidentiary hearing, finding defendant failed to make a prima facie showing plea counsel's performance was deficient, the first component of an ineffective assistance claim under Strickland v. Washington, 466 U.S. 668 (1984).

On appeal, defendant argues:

> DEFENDANT'S CONSTITUTIONAL RIGHT TO COUNSEL WAS VIOLATED WHEN COUNSEL

2

STIPULATED TO A CRITICAL ELEMENT OF THE PLEA AGREEMENT WITHOUT DISCUSSION OR CONSENT OF DEFENDANT WHO WOULD NOT HAVE OTHERWISE ACCEPTED ENTERING THE STIPULATION OR THE PLEA.

. . . .

[] DEFENDANT HAS MADE A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO SUFFICIENTLY COMMUNICATE WITH HIM AND/OR HIS PREVIOUS ATTORNEY BEFORE ENTERING A STIPULATION TO A PLEA WITHOUT DEFENDANT'S CONSENT THEREBY NEGATING THE SUBMISSION OF AN ACCEPTABLE FACTUAL BASIS FOR THE CHARGE AND AGGRAVATED ASSAULT.

Because we determine, and the State now concedes, an evidentiary hearing was warranted to determine whether, and to what extent, defendant consulted with plea counsel and consented to counsel's stipulation on his behalf that the victim suffered serious bodily injury, we vacate the October 1, 2024 order and remand to the PCR court to conduct the hearing.

Given the parties' agreement, we need not deeply outline the facts and procedural history and recount only the essential information pertinent to our conclusion that remand for a hearing is required. The crux of defendant's argument before the PCR court, and again here, centers upon his contention that, despite conceding he possessed a loaded firearm when a bullet was discharged

3

from that weapon into a building, he never intended to shoot and was unaware anyone was struck by the bullet. Defendant avers he told his prior assigned counsel throughout the discovery phase he insisted on reviewing evidence confirming the victim's injuries before pleading guilty. However, at the time of defendant's plea proceeding, newly assigned plea counsel apparently unexpectedly substituted for prior counsel and represented defendant.[1] Defendant claims, without consulting him or understanding the case, particularly the alleged absence of evidence related to the nature and extent of the victim's injuries, his new plea counsel stipulated that defendant caused serious bodily injury to the victim during the plea proceeding without defendant's authorization. This stipulation, according to defendant, constituted ineffective assistance of counsel and mandates his plea be vacated.

We are satisfied the record of the plea proceedings, during which defendant appeared to resist admitting he caused serious bodily before his counsel conceded the fact, together with defendant's representations before the PCR court, warranted an evidentiary hearing to further explore whether, and to what extent, his second attorney consulted with defendant, reviewed the case

---

[1] Indeed, the record reflects defendant was represented by prior counsel in the morning, but first counsel had a medical emergency and another assigned counsel represented him in the afternoon plea proceeding.

A-1479-24

and discovery, and was authorized by defendant to stipulate that defendant caused bodily injury.  See State v. Preciose, 129 N.J. 451, 462-63 (1992) (an evidentiary hearing is required on PCR claim when defendant demonstrates its necessity to develop a sufficient factual record).

We do not suggest a preferred result on remand.

Vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1479-24